HENRY C. MARCY, as Trustee in Bankruptcy of HOMER J. FRENCH, Respondent, *v.* EVANGELINE A. FRENCH et al., Appellants.

*Equity — bankruptcy — real property — fraud — action by trustee in bankruptcy to procure determination that real property is held by apparent owners in fraud of creditors of bankrupt.*

*Marcy v. French*, 193 App. Div. 923, modified.

(Argued January 17, 1922; decided January 31, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 21, 1920, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term. This action was brought for and resulted in a determination that certain parcels of real estate are held in the names of the defendant Evangeline A. French, bankrupt's wife, and the defendant Theodore L. French, bankrupt's brother, in fraud of the creditors of said bankrupt and of his trustee in bankruptcy, and that said property in equity passes to plaintiff for the purpose of the payment of the debts of the bankrupt.

*William MacFarlane* for appellants.

*Carlton F. Bown* for respondent.

*Per Curiam.* It appears that defendant Theodore L. French is the owner of an undivided 25.13 per cent interest in the first parcel of real property described in the fourteenth finding of fact, subject to an inchoate right of dower of his wife therein, Goldia French; and said Theodore L. French is the owner of an undivided 25.13 per cent interest in the equipment and live stock which was on said farm and transferred at the time of the transfer of the farm, together with a similar undivided interest in the offspring of such live stock, and of any remaining property thereon, the product of said farm.

We are unable to discover any reason why his said interests should be sold.

The judgment, therefore, should be modified so as to provide simply for the sale of the remaining 74.87 per cent interest of Homer J. French in said property and the application of the proceeds thereof as in said judgment provided, and as so modified said judgment should be affirmed, with costs to the appellant Theodore L. French.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.